## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JASON WHITE, | : |
| | : Civil Action Number: |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| VIEW POINT HEALTH, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Jason White ("White"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant View Point Health ("View Point") and shows the Court as follows:

## INTRODUCTION

1.

White brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation and an additional like amount as liquidated damages; (2) and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §

1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because View Point is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

White resides in Barrow County, Georgia.

5.

View Point employed White in and around Lawrenceville, Georgia from April 4, 1998 until February 27, 2013.

6.

At all times material hereto, White has been an "employee" of View Point as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about February 2011 until February 27, 2013, White was "engaged in commerce" as an employee of View Point as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

View Point is a Community Service Board created by the State of Georgia pursuant to O.C.G.A. § 37-2-6.

9.

At all times material hereto, View Point was an "employer" of White as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about February 2011 until February 27, 2013, View Point was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, View Point had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, View Point had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, View Point had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, View Point had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, View Point had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, View Point had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, View Point had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, View Point had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, View Point had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, View Point had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, View Point had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, View Point had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, View Point was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

View Point is subject to the personal jurisdiction of this Court.

25.

View Point may be served with process through its CEO, David O. Crews at its administrative offices located at 175 Gwinnett Drive, Suite 260, Lawrenceville, Georgia.

26.

At all times material hereto, White was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

27.

At all times material hereto, View Point did not employ White in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, View Point did not employ White in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, View Point did not employ White in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, View Point did not employ White in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## COUNT I - FAILURE TO PAY OVERTIME
31.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

32.

At all times material hereto, White has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

33.

During his employment with Defendant, White regularly worked in excess of forty (40) hours each week.

34.

Defendant failed to pay White at one and one half times his regular rate for work in excess of forty (40) hours in any week from February 2011 through February 27, 2013.

35.

Defendant willfully failed to pay White at one and one half times his regular rate for work in excess of forty (40) hours in any week from February 2011 through February 27, 2013.

36.

White is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

37.

As a result of the underpayment of overtime compensation as alleged above, White is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

38.

As a result of the underpayment of overtime compensation as alleged above, White is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, White respectfully prays:

1. That White be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That White be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                    *DELONG CALDWELL BRIDGERS*
                                    *& FITZPATRICK, LLC*

                                    */S/CHARLES R. BRIDGERS*
                                    CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER         GA. BAR NO. 080791
101 MARIETTA STREET
ATLANTA, GEORGIA 30303         */S/ KEVIN D. FITZPATRICK, JR.*
(404) 979-3171                         KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                   GA. BAR NO. 262375
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com        **COUNSEL FOR PLAINTIFF**